**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4300**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

GUILLERMO MONGE ESPINOSA,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:15-cr-00068-F-1)

Submitted:  January 31, 2017        Decided:  February 2, 2017

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Monge Espinosa pleaded guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and was sentenced to 236 months' imprisonment. Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, finding no meritorious issues, but questioning whether the sentence is substantively unreasonable. Espinosa was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2012) factors, or failed to adequately explain its chosen sentence. Id. If we find the sentence procedurally reasonable, we then examine substantive reasonableness, considering the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within the Guidelines range, this court applies a presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

2

Espinosa contends that the 236-month sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) because his criminal history score overrepresented his criminal history and he therefore should have received a downward variance sentence. We conclude that Espinosa's sentence is substantively reasonable. The district court responded to defense counsel's arguments for a downward variance sentence meaningfully, and explained its chosen sentence. Furthermore, Espinosa presents no evidence to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Espinosa's conviction and sentence. This court requires that counsel inform Espinosa, in writing, of the right to petition the Supreme Court of the United States for further review. If Espinosa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Espinosa.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3